# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 21, 2018

Stephen J. Markman,
Chief Justice

155811

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SONG YU and SANG CHUNG,
        Plaintiffs-Appellees,

v

    SC: 155811
    COA: 331570
    Ingham CC: 14-001421-CK

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,
        Defendant-Appellant.

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the April 11, 2017 judgment of the Court of Appeals. The circuit court correctly concluded that equitable estoppel did not bar the defendant from denying coverage for the December 2013 water leak in the plaintiffs' Portage house. "[T]he maxim that 'one who comes into equity must come with clean hands' is 'the expression of one of the elementary and fundamental conceptions of equity jurisprudence.'" *Rose v Nat'l Auction Group*, 466 Mich 453, 462 (2002), quoting 2 Pomeroy's Equity Jurisprudence, ch I, § 397, p 90, and § 398, p 92 (1941). The plaintiffs by their own admission never told the defendant they had moved out of the Portage house when they put that house up for sale in 2013. They also told the defendant that they "were moving" in February 2013 rather than that they "had moved," and they never asked for a seasonal policy for a non-primary residence. The defendant relied on those misrepresentations and omissions to conclude the plaintiffs still resided in the Portage house when it renewed the homeowner's policy on the house in November 2013. The Court of Appeals therefore erred by holding that the defendant was equitably estopped from denying coverage under the facts of this case. We REMAND this case to the Court of Appeals for consideration of the remaining issue raised by the parties but not addressed by that court in its initial review of the case.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 21, 2018



Clerk

p1120